[No. 356. January 25, 1889.]

## CHARLES SEIDLER, APPELLANT, v. A. J. MAXFIELD AND J. P. SPARKS, APPELLEES.

THE QUESTIONS presented in this case, upon which the court passed, were the same as those presented in Seidler v. La Fave (decided at this present term) by the action of the court below in excluding the notice of November 10, 1880, and the parol testimony offered in connection with it. The property in controversy in that case was a part of the mining claim located under the notice of November 10, 1880, and the property in controversy here is the remainder of it. The court held in that case that the court below erred in excluding the notice, and testimony offered with it, and the judgment was reversed. The judgment here is reversed for the same reasons stated there.

APPEAL, from a judgment in favor of defendants, from the Third Judicial District Court, Sierra County. Judgment reversed for same reasons stated in Seidler v. La Fave, ante, page 44.

The facts are stated in the opinion of the court.

ELLIOTT & PICKETT for appellant.

The theory of the court below seemed to be that the burden rested on appellant to prove that the assessment work as required by law, had been done on the claim each year since its location down to the day of trial. This is not the law. Sec. 2324, Rev. Stat. U. S.

If appellant proved the performance of the assessment on the claim for 1885, it defeated appellee's right to relocate the claim in 1886, on the ground that it was

open to relocation for nonperformance of the annual assessment work. McGinnis v. Egbert, 5 Pac. Rep. 655; North Noonday M. Co. v. Orient M. Co., 6 Sawy. 309-313; Jupiter M. Co. v. Bodie M. Co., 7 Sawy. 114; Faxon v. Barnard, 2 McCrary, 44; Zollars v. Evans, Id. 39, 43; S. C., 1 Fed. Rep. 522; S. C., 11 Id. 666; S. C., 4 Id. 702; S. C., 5 Id. 172.

The affidavit of appellant that he was a citizen was sufficient, and the court erred in excluding it. Rev. Stat. U. S., sec. 2321; North Noonday M. Co. v. Orient M. Co., number 2, 6 Sawy. 503-508; J. J. Reilly et al. v. J. W. Campbell et al., 116 U. S. Rep. 418-423.

The location notice was in compliance with the statute, and sufficient. Rev. Stat. U. S., sec. 2324; Quimbly v. Boyd, 6 W. C. Rep. 175; Southern Cross Co. v. Europa Co., 15 Nev. 385. See, also, Eilers v. Boatman, M. W. S. Rep. 356, 357.

Parol evidence has been held admissible to prove what was meant by the word "North" as used in the description. Jenny Lind Co. v. Bower & Co., 11 Cal. 194-199. See, also, 32 Cal. 11, where it was held parol proof might be introduced to identify the claim by reference to the monuments mentioned in the description.

The court erred in refusing to submit to the jury the original and amendatory location notices. North Noonday Co. v. Orient Co., 6 Sawy. 312, 331; Eilers v. Boatman, 111 U. S. Rep. 356, 357.

Actual possession, admitted and proved, makes out a prima facie case for the plaintiff, and puts upon defendant the burden of proving a superior right in himself. Golden Fleece Co. v. Cable Con. Co., 12 Nev. 321; North Noonday Co. v. Orient Co., 6 Sawy. 503; Meyers v. Spooner, 9 Morrison Rep. 519.

The possession will constructively extend to the limits of the claim when they are so defined. Crossman v. Pendry, 1 Cal. L. R. 496; Hicks v. Bell, 3 Cal. 219;

Weimer v. Lowery, 11 Id. 104; English v. Johnson, 17 Id. 107; Patterson v. Keystone M. Co., 23 Id. 575; Hawxshurst v. Lander, 28 Id. 331.

A party in actual possession of a mining claim, claiming title under a deed, up to the extreme boundary as staked off, before defendant entered, is entitled to the same irrespective of mining laws. North Noonday Co. v. Orient Co., 6 Sawy. 506, 507, and case cited.

Ejectment may be maintained for an entire claim by a purchaser on the strength of his continued and recognized possession to the boundaries described in a defective certificate of location, referred to in his deed. Harris v. Equator Co., 3 McCrary, 14; Green v. Bates, 6 Cal. 263; Rose v. Davis, 11 Id. 133; Baldwin v. Simpson, 12 Id. 560; Keane v. Carsenovan, 21 Id. 291; Kile v. Tubbs, 23 Id. 431; Hicks v. Coleman, 25 Id. 122; McKee v. Greene, 31 Id. 418; Ayers v. Bensley, 32 Id. 620; Walsh v. Hill, 38 Id. 481.

Possession and use for a long time with general recognition of the claim as located have been held to cure defects in the location. Kinney v. Con. Va. M. Co., 4 Sawy. 382; Harris v. Equator Co., 3 McCrary, 60.

In this character of action each party is required to make out his own claim to the premises in dispute, and the better claim must prevail. Golden Fleece Co. v. Cable Con. Co., 12 Nev. 321; Strepy v. Stark, 5 Pac. Rep. 116; Lebanon Mining Co. v. Con. Rep. M. Co., 6 Col. 371.

JOHN J. BELL and CHARLES G. BELL for appellees.

Citizenship, or proof of intention to become a naturalized citizen, is absolutely requisite to acquire a valid location to public mineral lands. U. S. Rev. Stat., sec. 2319; Golden Fleece G. & S. M. Co. v. Cable Consolidated G. & S. M. Co., 1 Morrison Rep. 120.

The affidavit of citizenship was taken ex parte, without proper notice to the opposite party, and a non-

compliance with our statutes pointing out the manner of taking testimony of witnesses abroad. Comp. Laws, secs. 2111, 2129. It was not properly authenticated. Scull v. Thompson, 16 N. J. L. Rep. 147; Comp. Laws, sec. 1793; 65 Am. Dec. 628. See, also, as to proof of signature and official capacity of a notary public of a foreign state, Schneider v. Cochraine, 9 La. Ann. Rep. 235; Rosine v. Bonnatel, 5 Rob. La. 164; Campbell v. Hoyt, 23 Barb. N. Y. 555; Bowser v. Warren, 4 Blackf. (Ind.) 522; Meullis v. Cavius, 5 Id. 77, 78; Catlin v. Ware, 9 Mass. 218.

A good rule to test the efficacy of the alleged affidavit is, could perjury be assigned on it, in case the oath was false? The defendant under these circumstances could not be indicted. 3 Whar.'s Am. Crim. Law, secs. 2236-2241; 2 Bish. Crim. Law, sec. 984.

There was such a variance between appellant's pleading and proposed proof as to amended location, that the evidence would not be permissible under our system of practice. Green v. Covilland, 10 Cal. 317. See, also, Spangler v. Pugh, 21 Ill. 85; Stephen on Pl. [Tyler's Ed.] 119, 199, 200; 67 Am. Dec. and cases there cited.

"The right to possession of a mining claim is derived only from a valid location, and if there be no location there can be no possession under it." Garfield M. & M. Co. v. Hammer, 6 Mon. 53.

The notice of location was void. Baxter Mountain Gold Mining Co. v. Patterson, 3 Pac. Rep. 741-744. See, also, Hanswith v. Butcher, 4 Mon. 299.

"Location does not follow from possession, but possession from location." Silver Bow M. & M. Co. v. Clark, 5 Mon. 414; Hanswald v. Wilkinson, 2 Id. 422; North Noonday M. Co. v. Orient M. Co., 1 Fed. Rep. 524.

The appellant is estopped from prosecuting this action. The original certificate of location having been

declared void by a former judgment of the district
court, which judgment is in full force and unreversed,
in an action wherein this same plaintiff was the
plaintiff, and said certificate of location being the
foundation of the action.    The matter is res adjudicata.
Wells on Res Adjudicata, 169, 179, 189, et seq.; Spencer
v. Death, 43 Vt. 105; Hallister v. Abbott, 11 Fos. 448;
Dutton v. Woodman, 9 Cush. 261, 348; Gardner v.
Buckner, 3 Cow. 127; 29 Ohio St. 604; Lord v. Chad-
burne, 66 Am. Dec. 295, 760, 68 Id. 160.

BRINKER, J.—This was an action of ejectment to
recover the possession of a mining claim known as the
"Miner's Dream." On the trial it appeared in evidence
that Doheny, Miller, and others, located the Miner's
Dream claim on the tenth day of November, 1880;
that it passed by mesne conveyances from them to the
plaintiff; that one La Fave had some time prior to
November 12, 1886, obtained possession of a portion of
the original claim, and that plaintiff had sued him in
ejectment for its recovery; that about the date last
mentioned the case against La Fave was decided in the
district court against the plaintiff; that, immediately
upon such decision being announced, one Wolf pro-
ceeded to the property in dispute here, and made what
he called an amendatory location of the Miner's Dream
mine, in the name of and for the plaintiff; that the
defendant Sparks assisted Wolf in making this amen-
datory location, by setting up stakes, blazing trees, and
building monuments upon its corners and end lines,
and that defendant Maxfield also assisted Wolf in that
matter to some extent; that, while Wolf and Sparks
were engaged in setting the stakes and building the
monuments on the boundaries, the defendant Maxfield
planted a stake at the mouth of the tunnel, and posted
a notice on it claiming the mine for himself and Sparks;
that upon Wolf being apprised of what Maxfield had
done, he asked Maxfield if he intended to claim the

mine, and Maxfield replied that he did; that afterward
Maxfield offered, through Sparks, to waive his claim in
plaintiff's favor for $1,000.    This Wolf refused to pay.
Plaintiff then offered in evidence the original location
notice of November 10, 1880, and the amendatory
notice of November 12, 1886, to which defendants
objected.    The objection was sustained, and plaintiff
excepted.    Plaintiff then offered to prove, by parol,
that the northeast and southeast corners of the Iron
King mine, referred to in the location notice of Novem-
ber 10, 1880, were monumented at the time the Miner's
Dream was first located.    To this defendants objected.
The objection was sustained and plaintiff excepted.
There was other evidence offered and excluded, which
need not now be noticed.    The court directed a ver-
dict for defendants, which was returned, and judgment
rendered accordingly.    A motion for a new trial was
made, denied, exceptions saved, and the case brought
here by appeal.

In the case of Seidler v. La Fave (decided at this
term) we were called upon to determine the same ques-
tions presented here by the action of the court in
excluding this notice of November 10, 1880, and the
parol testimony offered with it.    The property in con-
troversy in that case was a part of the mining claim
located under the notice of November 10, 1880, and the
property here is the remainder of it.    Seidler v. La
Fave, p. 44, ante, followed.    We held in that case
that the court erred in excluding the notice, and the
testimony offered in connection with it, and reversed
the judgment.    We are entirely satisfied with the doc-
trine then announced, and can imagine no good reason
for further discussion of the question here.    That case
upon this point is decisive of this.    We are convinced
that the learned judge in the court below did not
exclude the original notice, for the reason that it was
offered in connection with the amendatory notice.    The

judge who presided in the La Fave case presided in this. In the case of La Fave he excluded the notice because, under the rule laid down in Baxter Mountain Min. Co. v. Patterson, it was fatally defective. At the time of the trial of the case now under consideration the doctrine of the Baxter Mountain case had not been questioned, and it was properly considered to be binding authority upon the district court.

As the case must be tried anew, we deem it unadvisable to pass upon the other points made by counsel.

The judgment is reversed, and the cause remanded.

Long, C. J., and Reeves, J., concur.